UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MICHAEL STEWART,

        Petitioner,

v.

    Case No. 1:21-cv-194

    Hon. Hala Y. Jarbou

STATE OF MICHIGAN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a former state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the Court lacks subject matter jurisdiction.

**Discussion**

**I.      Factual allegations**

Petitioner David Michael Stewart was discharged from the convictions and sentences he is challenging on September 11, 2020. On March 2, 2017, following a four-day jury trial in the Kent County Circuit Court, Petitioner was convicted of two counts of sex offender-failure to register, in violation of Mich. Comp. Laws § 28.729. On April 6, 2017, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent prison terms of 2 years, 10 months to 8 years. Petitioner reports that he was incarcerated through June of 2019. (Pet'r's Br., ECF No. 3, PageID.49.) At that time, he was paroled for 15 months to a homeless shelter. (*Id*.) Petitioner was discharged from parole on September 11, 2020. He remains at the homeless shelter.

On February 26, 2021, Petitioner filed his habeas corpus petition raising one ground for relief, as follows:

> I.      *Brady v. Maryland*, 375 U.S. 83.

(Pet., ECF No. 1, PageID.6.)

**II.     Jurisdiction**

Petitioner seeks relief under 28 U.S.C. § 2254. That provision, and the general habeas corpus provision, 28 U.S.C. § 2241, permit the Court to grant a writ of habeas corpus to a prisoner "in custody." 28 U.S.C. § 2241(c)(3) and § 2254(a). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Being "in custody" does not require physical confinement. *Maleng*, 490 U.S. at 491. Thus, a prisoner on parole remains "in custody" for purposes of determining habeas jurisdiction. *Id.* (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)).

Petitioner is not physically confined, and he is not on parole. He has been unconditionally discharged. At most he might continue to suffer collateral consequences of the convictions he attacks. For example, the convictions might be used to enhance the punishment for subsequent convictions, or he might be limited in his right to vote, possess a weapon, or hold public office. But such collateral consequences "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack . . . ." *Maleng*, 490 U.S. at 492. Accordingly, the Court does not have subject matter jurisdiction over the petition, and it must be dismissed.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of subject matter jurisdiction. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of subject matter jurisdiction. Therefore, a certificate of appealability will be denied. Moreover, because Petitioner cannot demonstrate that he is in custody in violation of the Constitution, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:  March 3, 2021                     /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          UNITED STATES DISTRICT JUDGE